IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 7:14-CR- 48 -HL |
| | : | |
| vs. | : | VIOLATIONS:21 U.S.C. § 846 |
| | : | 21 U.S.C. § 841(a)(1) |
| (1) ANDREW DAVID CARTER, JR. | : | 21 U.S.C. § 841(b)(1)(A) |
| A/K/A "POP" and "POPPA," (2) JOSE | : | 21 U.S.C. § 841 (b)(1)(A)(iii) |
| ALFREDO MARTINEZ A/K/A "JOE," | : | 21 U.S.C. § 841(b)(1)(C) |
| (3) JUAN PABLO CUEVAS A/K/A | : | 21 U.S.C. § 841(b)(1)(B)(ii) |
| "FATBOY," (4) MAURICE TODD | : | 18 U.S.C. § 922(g)(1) |
| CARTER, (5) LATARIS WATERS | : | 18 U.S.C. § 924(c) |
| A/K/A "TARA," (6) JESSICA TELLEZ | : | 21 U.S.C. § 856(a) and (b)(1) |
| A/K/A MARTINEZ (7) JAMES | : | 18 U.S.C. § 924(d) |
| WATERS A/K/A "BOONE" and | : | 21 U.S.C. § 853 |
| "BOSS," (8) JUAN SANCHEZ | : | 28 U.S.C. § 2461(c) |
| HIDALGO, (9) CHRIS WATERS, | : | |
| (10) SARAH CARTER, (11) KAYLA | : | |
| CARTER, (12) DIAMOND CARTER, | : | |
| and (13) KENYATTA DENARD | : | |
| MITCHELL A/K/A "CHOP" and | : | |
| "KENYA" | : | |
| | : | |
| DEFENDANTS. | : | |

THE GRAND JURY CHARGES:

**COUNT ONE**
**CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE**
**AND COCAINE BASE**
**21 U.S.C. § 846 i/c/w §§841(a)(1) and (b)(1)(A)(iii)**

That beginning on or about January 1, 2013 and continuing until on or about October 28,

2014, in the Valdosta Division of the Middle District of Georgia, and elsewhere, the defendants,

1) ANDREW DAVID CARTER JR. A/K/A "POP," and "POPPA," (2) JOSE

ALFREDO MARTINEZ A/K/A "JOE," (3) JUAN PABLO CUEVAS A/K/A

"FATBOY," (4) MAURICE TODD CARTER, (5) LATARIS WATERS

**A/K/A "TARA," (6) JESSICA TELLEZ A/K/A MARTINEZ (7) JAMES**

**WATERS A/K/A "BOONE" and "BOSS," (8) JUAN SANCHEZ HIDALGO,**

**(9) CHRIS WATERS, (10) SARAH CARTER, (11) KAYLA CARTER, (12)**

**DIAMOND CARTER, and (13) KENYATTA DENARD MITCHELL A/K/A**

**"CHOP" and "KENYA,"**

knowingly and intentionally conspired and agreed together and with each other, and with other

persons known and unknown to the Grand Jury, to possess with intent to distribute a mixture and

substance containing a detectable amount of a schedule II controlled substance, to-wit: cocaine,

in an amount exceeding 5 kilograms; and cocaine base, also known as crack cocaine, in an

amount exceeding 280 grams; all in violation of Title 21, United States Code, Sections 846,

841(a)(1), and 841(b)(1)(A)(iii).

**COUNT TWO**
**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE**
**21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2**

On or about September 25, 2014, in the Valdosta Division of the Middle District of

Georgia, at a location known as the Love's Travel Stop, defendant,

**ANDREW CARTER,**

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly and

intentionally possess with intent to distribute a mixture and substance containing a detectable

amount of a schedule II controlled substance, to-wit: cocaine and cocaine base, also known as

crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and

Title 18, United States Code, Section 2.

2

## COUNT THREE
## POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of

Georgia, defendants,

### ANDREW CARTER and
### LATARIS WATERS,

aided and abetted by each other and by others both known and unknown to the Grand Jury, did

knowingly and intentionally possess with intent to distribute a mixture and substance containing

a detectable amount of a schedule II controlled substance, to-wit: cocaine, in violation of Title

21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), and Title 18, United States Code,

Section 2.

## COUNT FOUR
## POSSESSION OF A FIREARM IN FURTHERANCE
## OF A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(c)(1)

On or about September 25, 2014, in the Valdosta Division of the Middle District of

Georgia, and elsewhere, defendants,

### ANDREW CARTER and
### LATARIS WATERS,

aided and abetted by each other and by others both known and unknown to the Grand Jury, did

knowingly possess a firearm, to wit: a Taurus PT 140 .40 caliber pistol, serial number

SAW66994, in furtherance of a drug trafficking crime for which they may be prosecuted in a

court of the United States, that is, the offense set forth in Count One, Two, Three, and Seven of

this Indictment, and did knowingly possess said firearms during and in relation to the drug

trafficking crime set forth in Count One, Two, Three, and Seven; all in violation of Title 18,

United States Code, Section 924(c)(1) and 18 United States Code, Section 2.

3

## COUNT FIVE
## POSSESSION OF A FIREARM IN FURTHERANCE
## OF A DRUG TRAFFICKING CRIME
## 18 U.S.C. §§ 924(c)(1) and 2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendant,

## ANDREW CARTER,

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly possess a firearm, to wit:  a DPMS .223- .556 mm caliber, model AR-15 rifle, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, the offense set forth in Count One, Three, and Eight of this Indictment, and did knowingly possess said firearm during and in relation to the drug trafficking crime set forth in Count One, Three, and Eight; all in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT SIX
## POSSESSION OF A FIREARM BY A CONVICTED FELON –
## 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendant,

## ANDREW CARTER,

having been convicted of a felony, a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess firearms, to wit:  a DPMS .223- .556 mm caliber, model AR-15 rifle, and a Taurus PT 140 .40 caliber pistol, serial number SAW66994, all of which had previously moved in interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SEVEN
## MAINTAINING A DRUG INVOLVED PREMISES
## 21 U.S.C. §856(a)(1) and (b) and 18 U.S.C. §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendants,

**ANDREW CARTER and
LATARIS WATERS,**

aided and abetted by each other by and by others both known and unknown to the Grand Jury, did unlawfully and knowingly use and maintain a place, to wit: 186 Crossland Lenox Road, Omega, Colquitt County, Georgia, for the purpose of possessing with intent to distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance to wit: cocaine and cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 856(a)(1) and (b) and Title 18, United States Code, Section 2.

## COUNT EIGHT
## MAINTAINING A DRUG INVOLVED PREMISES
## 21 U.S.C. §856(a)(1) and (b) and 18 U.S.C. § 2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendants,

**ANDREW CARTER and
LATARIS WATERS,**

aided and abetted by others, by known and unknown to the Grand Jury, did unlawfully and knowingly use and maintain a place, to wit: 6147 Futch Road, Cook County, Georgia, for the purpose of possessing with the intent to distribute a mixture and substance containing a detectable amount of Schedule II controlled substance to wit: cocaine and cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 856(a)(1) and (b) and 18 United States Code, Section 2.

5

### COUNT NINE
### POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
### 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2

That on or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, the defendant,

**MAURICE TODD CARTER,**

aided and abetted by others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of a schedule II controlled substance, to-wit: cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT TEN
### POSSESSION WITH INTENT TO DISTRIBUTE METHYLONE
### 21 U.S.C. § 841(a)(1) and (b)(1)(C)

That on or about December 21, 2013, in the Valdosta Division of the Middle District of Georgia, and elsewhere, defendant,

**MAURICE TODD CARTER,**

defendant herein, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of a Schedule I controlled substance, to wit: 3,4-methylenedioxymethcathinone, also known as methylone, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT ELEVEN
### MAINTAINING A DRUG INVOLVED PREMISES
### 21 U.S.C. §856(a)(1) and (b) and 18 U.S.C. §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendant,

**MAURICE TODD CARTER,**

aided and abetted by others both known and unknown to the Grand Jury, did unlawfully and knowingly use and maintain a place, to wit: 1211 CS Powell Road, Ómega, Colquitt County, Georgia for the purpose of possessing with intent to distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance to wit: cocaine; all in violation of Title 21, United States Code, Sections 856(a)(1) and (b) and 18 U.S.C. Section 2.

**COUNT TWELVE**
**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE**
**21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2**

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, the defendant,

**SARAH CARTER,**

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of a schedule II controlled substance, to-wit: cocaine and cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT THIRTEEN**
**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING**
**CRIME–**
**18 U.S.C. § 924(c)(1) and §2**

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, the defendant,

**SARAH CARTER,**
**KAYLA CARTER and**
**DIAMOND CARTER,**

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly possess firearms, to wit:

(1) a Marlin rifle with scope, model number 30A, serial number 332-34992,

(2) a Glock 35 .40 caliber pistol, serial number EBE722,

(3) a Masterpiece Arms 9 mm pistol, serial number F10234, and

(4) a Ruger, 9 mm pistol, model number SR9C, serial number 332-34992,

in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, the offenses set forth in Count One, Twelve, and Fourteen of this Indictment, and did knowingly carry said firearms during and in relation to the drug trafficking crimes set forth in Count One, Twelve, and Fourteen; all in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT FOURTEEN
## MAINTAINING A DRUG INVOLVED PREMISES
## 21 U.S.C. §856(a)(1) and (b) and 18 U.S.C. §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendant,

**SARAH CARTER,**
**KAYLA CARTER, and**
**DIAMOND CARTER,**

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully and knowingly use and maintain a place, to wit: 1569 Georgia Avenue, Omega, Tift County, Georgia for the purpose of possessing with intent to distribute a mixture and substance containing a detectable amount of Schedule II controlled substance to wit: cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 856(a)(1) and (b) and 18 U.S.C. Section 2.

## COUNT FIFTEEN
## POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE
## 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, the defendant,

### JAMES WATERS,

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of schedule II controlled substance, to-wit: cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIXTEEN
## POSSESSION OF A FIREARM IN FURTHERANCE
## OF A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(c)(1) and §2

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendants,

### JAMES WATERS and
### ANDREW CARTER

aided and abetted by others, both known and unknown to the Grand Jury, did knowingly possess firearms, to wit:

(1) a Ruger P-94 Pistol, .40 caliber semi-automatic handgun, bearing serial number 340-55984,

(2) a Mossberg International model 715T .22 caliber semi-automatic rifle, bearing serial number ELF3420736,

(3) a SKS 7.62 x39mm semi-automatic rifle, bearing serial number 609374,

(4) a Winchester model 1897 .12 gauge pump shotgun, bearing serial number 160458, and

(5) a Mossberg model 88 .12 gauge pump shotgun, bearing serial number MV51647D,

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offenses set forth in Count One, Fifteen, and Seventeen of this Indictment, and did knowingly possess said firearms during and in relation to the drug trafficking crimes set forth in Count One, Fifteen, and Seventeen; all in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

**COUNT SEVENTEEN**
**MAINTAINING A DRUG INVOLVED PREMISES**
**21 U.S.C. §856(a)(1) and (b) and 18 U.S.C. §2**

On or about September 25, 2014, in the Valdosta Division of the Middle District of Georgia, defendant,

**JAMES WATERS,**

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully and knowingly use and maintain a place, to wit: 109 Cotton Pointe, Circle, Tifton, Tift County, Georgia for the purpose of possessing with intent to distribute a mixture and substance containing a detectable amount of Schedule II controlled substance to wit: cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 856(a)(1) and (b) and Title 18, United States Code, Section 2.

**FORFEITURE NOTICE**
**(21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) –**
**Criminal Forfeiture)**

1.      The allegations contained in Counts One through Eighteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, and/or Title 18, United States Code, Section 924(d), in conjunction with Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(iii) set forth in Count One; Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(ii) set forth in Count Three; Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C) set forth in Counts Two, Nine, Ten, Twelve, and Fifteen; Title 18, United States Code, Section 924(c)(1) set forth in Counts Four, Five, Thirteen, and Sixteen; Title 18, United States Code, Section 922(g)(1) set forth in Count Six, and/or Title 21, United States Code, Sections 856(a)(1) and (b) set forth in Counts Seven, Eight, Elven, Fourteen, and Seventeen Indictment, the defendant(s),

**1) ANDREW DAVID CARTER JR. A/K/A "POP," and "POPPA," (2) JOSE ALFREDO MARTINEZ A/K/A "JOE," (3) JUAN PABLO CUEVAS A/K/A "FATBOY," (4) MAURICE TODD CARTER, (5) LATARIS WATERS A/K/A "TARA," (6) JESSICA TELLEZ A/K/A MARTINEZ (7) JAMES WATERS A/K/A "BOONE" and "BOSS," (8) JUAN SANCHEZ HIDALGO, (9) CHRIS WATERS, (10) SARAH CARTER, (11) KAYLA CARTER, (12) DIAMOND CARTER, and (13) KENYATTA DENARD MITCHELL A/K/A "CHOP" and "KENYA,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or, any firearms and ammunition involved in the commission of the offense(s), pursuant to Title 18, United States Code, Section 924(d), in conjunction with Title 28, United States Code, Section 2461(c), including, but not limited to, the following:

## REAL PROPERTY

      A.    The real property located at 186 Crossland Lenox Road, Omega, Colquitt County, Georgia, and any appurtenances and improvements thereon, which is more particularly described as:

> All that tract or parcel of land situate, lying and being in Land Lots 64 and 75 in the Ninth Land District in Colquitt County, Georgia, being 8.74 acres and shown as Tract No. 5 by that plat recorded in Plat Book 35, Page 20, Colquitt County Records; the property being more particularly described as follows:

> Commence at the point where the East line of Land Lot 64 intersects the South margin of the right of way of the Crosland-Lenox Road, run thence South 00 degrees 34 minutes 29 seconds East into Land Lot 75 a distance of 528.13 feet to a point; run thence North 89 degrees 01 minutes 52 seconds West a distance of 470.44 feet to a point; run thence North 85 degrees 54 minutes 31 seconds West a distance of 265.50 feet to a point; run thence North 07 degrees 06 minutes 04 seconds West a distance of 172.75 feet to a point; run thence North 07 degrees 24 minutes 46 seconds East a distance of 342.74 feet to a point  on the South margin of the Crosland-Lenox Road; run thence South 87 degrees 32 minutes 55 seconds East along the South margin of the right of way of the Crosland-Lenox Road a distance of 364.36 feet to a point; continue thence along the South margin of the right of way of the Crosland-Lenox Road on a chord bearing of North 89 degrees 04 minutes 56 seconds East a chord distance of 343.05 feet, an arc length distance of 343.25 feet to a point, this being the point of beginning.

> This conveyance excludes any and all peanut allotments and tobacco poundage.

> Being the same property conveyed to Bobby Hampton by deed dated January 9, 2001, recorded in Deed Book 708, Page 339, Colquitt County Records.

      B.    The real property located at 6147 Futch Road, Hahira, Cook County, Georgia, and any appurtenances and improvements thereon, which is more particularly described as:

All that tract or parcel of land situate, lying and being in Land Lot No. 507 in the 10th Land District or Cook County, Georgia, and being more particularly described as being all of Lot 2 in Block A of County Line Subdivision, Section I, according to a map or plat of survey thereof recorded in Plat Record Book 8, Page 224, in the office of the Clerk of the Superior Court of Cook County, Georgia, to which map or plat of survey and the record whereof reference is hereby made for all purposes in aid of description. Together with that certain 24 x 70 1991 Horton Mobile Home, Summit Model, Serial No. H62271GLR, permanently attached thereto. Said described property is known and designated as 6147 Futch Road, according to the present system of numbering houses in Hahira, Cook County, Georgia.

C.     The real property located at 1211 CS Powell Road, Omega, Colquitt County, Georgia, and any appurtenances and improvements thereon, which is more particularly described as:

All that certain property situated in the county of COLQUITT, and State of GEORGIA, being described as follows:

**TRACT ONE**: All that tract or parcel of land lying and being in Land Lots 20 and 28 of the 9th Land District of Colquitt County, Georgia, containing 1.567 acres, more or less, and being more particularly described on a plat entitled "Survey for Omega Land Company, LLC" prepared by Hampton & Associates, Surveying Co. Dated August 3, 1999, and recorded in Plat Slide 34, Page 185, in the Office of the Clerk of the Superior Court of Colquitt County, Georgia, same being incorporated herein by reference and made a part of this description.

**TRACT TWO**: All that tract or parcel of land lying and being in Land Lots 20 and 28 of the 9th Land District of Colquitt County, Georgia, containing 1.288 acres, more or less, and being more particularly described on a plat entitled "Survey for Omega Land Company, LLC" prepared by Hampton & Associates, Surveying Co. Dated August 3, 1999, and recorded in Plat Slide 34, Page 186, in the Office of the Clerk of the Superior Court of Colquitt County, Georgia, same being incorporated herein by reference and made a part of this description.

D.      The real property located at 1569 Georgia Avenue, Omega, Tift County, Georgia, and any appurtenances and improvements thereon, which is more particularly described as:

> All that certain tract or parcel of land lying and being in Land Lot 526 of the 6th Land District of Tift County, Georgia, and being more particularly described as Tract 1 (containing 0.170 acres) as is more particularly described according to that plat of survey entitled "Plat of Survey for Greg Sheppard" prepared by Hogan Surveying Company, Inc., on May 5, 2006, said plat being recorded in Plat Book 39, Page 31A, in the office of the Clerk of Tift Superior Court and being by reference incorporated herein.

### MISCELLANOUS

A.      One (1) Empty .40 Caliber Magazine;

B.      One (1) Empty .223 Rifle Magazine;

C.      One (1) Tapco Extended Magazine, containing twenty-three (23) 9mm Luger Rounds; and

D.      Various Boxes of Ammunition.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided without difficulty,

14

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 924(d), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.


_s/ Foreperson of the Grand Jury_
FOREPERSON OF THE GRAND JURY

Presented by:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

JULIA C. BOWEN
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this _10th_ day of December, 2014.

Deputy Clerk

15